IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HEATHER K. BALDWIN, sui juris, Petitioner; <br><br> Petitioner, <br><br> vs. <br><br> MIKE MEYERS, director of Douglas County jail; <br><br> Respondent. | 8:19CV558 <br><br> **MEMORANDUM AND ORDER** |

      This matter comes for initial review[1] of what appears to be a § 2241 habeas petition filed by Larry Baldwin relying on a "POA" from Petitioner. The "POA" is not attached. The petition is not on the official form and it is not even close to the official form.

      I will dismiss this matter without prejudice for a variety of reasons. First, absent a sworn declaration from Petitioner and an attachment of an authenticated copy of the power of attorney sufficient as to form, Larry Baldwin will not be recognized as holding a power of attorney for Petitioner. Second, the form of the petition does not come close to duplicating the official form for § 2241 petitions and contains frivolous "sovereign citizen" allegations. Third, the petition attacks the pretrial detention of Ms. Baldwin together with the general handling of the criminal case. Without spending more time than necessary, it is sufficient to write that: (1) "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

U.S. 484, 489 (1973) and (2) after taking judicial notice of the pending criminal matter, no such special circumstances are shown here.[2]

Because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 3rd day of January, 2020.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[2] *State of Nebraska v. Heather Baldwin*, CR 18-3769 (Douglas County District Court). Ms. Baldwin, charged with abuse of a vulnerable adult, a felony, was released on December 31, 2019 and the matter is pending a pretrial conference on January 23, 2020. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).